The Honorable Gaston Cantens Representative, District 114 300 Southwest 107th Avenue, #213 Sweetwater, Florida 33174
Dear Representative Cantens:
You ask the following questions:
1. Must privately owned and operated multi-passenger vans, not owned or operated by a school board but used to transport children to and from school for compensation, be equipped with safety belts?
2. If so, must children being transported in such vans be restrained by safety belts and does the failure to do so constitute a primary offense?
In sum:
1. A privately owned and operated multi-passenger van designed and used to transport more than 10 persons for compensation falls within the definition of a bus that is exempt from the safety belt requirements of section 316.614, Florida Statutes. However, a van designed for cargo that is retrofitted or altered to accommodate transportation of more than 10 persons is not a bus and must be equipped with safety belts.
2. Children under the age of sixteen transported in vans that are not designed to transport more than 10 persons, but rather have been retrofitted or altered to accommodate such transportation, would be required to be restrained by safety belts while the motor vehicle is moving. Whether the failure to properly restrain the children constitutes a primary offense depends upon the age of the children being transported.
In Attorney General Opinion 2000-44, this office responded to your request regarding the requirements of safety belts in multi-passenger vans owned and operated by a school board. It was concluded that a van designed to carry no more than 10 persons, including the driver, is a motor vehicle required to have safety restraints that must be used by the passengers, and that the ability to stop such a vehicle for failure to use such restraints was dependent upon the age of the students being transported. Seeking clarification of that opinion, you now ask this office to render an opinion regarding safety restraint requirements in privately owned multi-passenger vans used to transport children to schools for compensation.
As discussed in Attorney General Opinion 2000-44, the safety belt requirements for motor vehicles designed to carry no more than 10 persons would apply to such multi-passenger vans owned and operated by private entities. There is nothing in Chapter 316, Florida Statutes, that would exempt such vans from the safety belt requirements contained therein.
The "Florida Safety Belt Law"[1] makes it unlawful to operate a motor vehicle in this state unless each passenger under the age of 16 years is restrained by a safety belt and the person operating the vehicle is restrained by a safety belt.[2] It is also unlawful for any person 16 years of age or older to be a passenger in the front seat of a moving motor vehicle unless such person is restrained by a safety belt.[3]
For purposes of the safety belt law, "motor vehicle" is defined as "[a]ny self-propelled vehicle not operated upon rails or guideway, but not including any bicycle or moped,"[4] that is "operated on the roadways, streets, and highways of this state."[5]
Specifically exempted from the operation of the law are the following:
"1. A school bus.
2. A bus used for the transportation of persons for compensation.
3. A farm tractor or implement of husbandry.
4. A truck of a net weight of more than 5,000 pounds.
5. A motorcycle, moped, or bicycle."[6] (e.s.)
A "bus used for the transportation of persons for compensation," therefore, is not subject to Florida's Safety Belt law under the current statutory scheme.[7] As used in Chapter 316, Florida Statutes, a "bus" is defined as "[a]ny motor vehicle designed for carrying more than 10 passengers and used for the transportation of persons and any motor vehicle, other than a taxicab, designed
and used for the transportation of persons for compensation."[8]
(e.s.) Whether a bus is "designed" to carry more than 10 persons is a critical consideration in determining whether it is exempt from the safety belt requirements.
This office has been presented with the scenario whereby cargo[9]
vans are retrofitted with seats in order to carry more than 10 children. Under these circumstances, it could not be concluded that the motor vehicles have been designed for the transportation of more than 10 children. Rather, the vans "designed" to carry much less precious cargo have been altered to accommodate the seating of children.
It is my opinion, therefore, that a van designed to carry cargo, but retrofitted to carry children or persons, would not fall within the exemption from the safety belt requirements in section316.614, Florida Statutes, and must be equipped with safety restraints that must be used by the passengers. As concluded in Attorney General Opinion 2000-44, the ability to stop a motor vehicle for failure to use a safety restraint as a primary offense depends upon the age of the children being transported.
A recent study of the National Transportation Safety Board concludes that "nonconforming buses," that is, vehicles that may meet the federal definition of a bus, but not the federal occupant crash protection standards of school buses, put children at greater risk of fatal or serious injury in the event of an accident.[10] Clearly, in this instance the use of vehicles that are retrofitted to transport more than 10 passengers puts children who are passengers in such vehicles at an unconscionable level of danger. Due to the potential for continuing confusion in this area and the need to ensure the safety of children being transported to and from schools, it may be advisable to seek legislative clarification in this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 316.614, Fla. Stat.
[2] Section 316.614(4), Fla. Stat.
[3] Section 316.614(5), Fla. Stat.
[4] Section 316.003(21), Fla. Stat.
[5] Section 316.614(3)(a), Fla. Stat.
[6] Id.
[7] A bus that is not owned, operated, rented, contracted, or leased by a school board does not fall within the definition of a "school bus" contained in s. 234.051(1), Fla. Stat., such that it would be exempt from the current safety belt requirements in s.316.614, Fla. Stat.
[8] Section 316.003(3), Fla. Stat.
[9] The term "cargo" has been defined as: goods and merchandise or freight. Webster's Third New International Dictionary (unabridged 1981), p. 339.
[10] See, National Transportation Safety Board, Highway Special Investigation Report, "Pupil Transportation in Vehicles Not Meeting Federal School Bus Standards," NTSB/SIR-99/02. Washington, DC.